William VISS et al.

v.

John PITTENGER, as Superintendent of Public Instruction of the Commonwealth of Pennsylvania, et al.

Civ. A. No. 72–332.

United States District Court, E. D. Pennsylvania.

July 14, 1972.

Semisch & DerMovesian, Willow Grove, Pa., for plaintiffs.

Lawrence T. Hoyle, Jr., J. Justin Blewitt, Jr., Deputy Attys. Gen., Comm. of Pa., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

On June 19, 1968, the Pennsylvania Nonpublic Elementary and Secondary Education Act, 24 P.S. § 5601 et seq. (Supp.1969), [the Act], providing state aid to nonpublic schools for teachers' salaries, textbooks and instructional materials, was signed into law. Under the statutory scheme, the State Superintendent for Public Instruction was empowered to enter into contracts with nonpublic schools for the purchase of "secular educational services". Thereafter, the Superintendent promulgated rules and regulations and entered into contracts with the state's nonpublic schools, including Philadelphia-Montgomery Christian Academy, the present plaintiff. Philadelphia-Montgomery Christian Academy is allegedly a private school, operated by a board of directors elected by the parents of the students. Plaintiffs aver that the school is not under the jurisdiction of any church or religious organization. On July 29, 1970, the State notified plaintiff school that it was "not entitled to compensation for services rendered under said Act" and, consequently, declared its contract null and void. The ostensible basis for the termination of plaintiff's contract was the reference in the institution's by-laws and brochures that God's revelation and creation affected its teaching. Therefore, the ground for the invalidation of the contract was, in essence, that the school's secular teaching was permeated with religious thought. Subsequently, on June 28, 1971, the Supreme Court in Lemon v. Kurtzman, 403 U.S. 602, 91 S. Ct. 2105, 29 L.Ed.2d 745 (1971), held the Act unconstitutional on its face, on the ground that the statute fostered an excessive governmental entanglement with religion. 403 U.S. at 614, 91 S.Ct. 2105. On remand, this Court entered summary judgment for the plaintiffs and enjoined any payment to nonpublic schools under the Act for services performed or costs incurred subsequent to June 28, 1971.

In their complaint, plaintiffs allege that they have been deprived of rights, privileges and immunities secured by the Constitution in that: (1) the Act has been unconstitutionally applied to them, denying them their right to equal protection of the law and the free exercise of religion and (2) they were deprived of their right to due process of law un-

der the Act in that their contract was terminated without a hearing. Plaintiffs seek to convene a three-judge court pursuant to 28 U.S.C. § 2281 to declare the Act unconstitutional as applied to plaintiffs, to enjoin the payment of funds under the Act to nonpublic schools for services performed and costs incurred prior to June 28, 1971, and to require the State to reinstate the contract with plaintiffs. Before the Court is the Commonwealth's motion to dismiss the complaint.

▬ Initially, we must consider plaintiffs' application to convene a three-judge court. The manifest purpose of Section 2281 is to prevent a single judge from improvidently invalidating or enjoining as unconstitutional a statute embodying important state legislative policy. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941). In *Lemon,* the Supreme Court held this very Act unconstitutional on its face. Thus, the purpose of Section 2281 would not be served in this case. Clearly, the statute does not contemplate that another three-judge court determine the constitutionality of the Act on other grounds. Moreover, since the Act has already been held unconstitutional on its face, we conclude that the plaintiffs' claim that the Act is unconstitutional as applied is manifestly insubstantial and, therefore, does not support the jurisdiction of a three-judge court. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). Accordingly, plaintiffs' application for a three-judge court will be denied.

▬ On December 28, 1971, we entered summary judgment for plaintiffs in Lemon and enjoined payments for services performed and costs incurred subsequent to June 28, 1971. The gravamen of plaintiffs' claim is that they were deprived of their contract with the State without a hearing and, therefore, denied due process of law. The ultimate relief which plaintiffs seek is the reinstatement of their contract, entitling them to receive payment for expenditures made prior to June 28, 1971. On remand, we were faced with the issue in Lemon v. Kurtzman, 348 F.Supp 300 (E.D.Pa.1972), whether the Supreme Court's determination of the Act's unconstitutionality was to be applied retroactively, thereby precluding payments to nonpublic schools for services rendered prior to June 28, 1971. We conclude that in order to prevent hardship and injustice to the nonpublic schools who in reliance on their contracts with the State had already performed the services and made the expenditures required by such contracts, the Supreme Court's decision would be given prospective application, thereby permitting reimbursement for the school year 1970–1971. In the instant case, plaintiffs had no contract for the school year 1970–1971, have alleged no expenditures in reliance on any contract, and suffered no hardship by reason of the Supreme Court's decision holding the Act unconstitutional. Even assuming arguendo, that plaintiffs were deprived of their contract without a hearing, the necessary elements of expenditures, reliance and hardship are lacking. We find it impossible, on any theory, to justify payments under an act now declared unconstitutional on its face, to one, who had no contract thereunder, made no expenditures in reliance thereon and, therefore, suffered no hardship by reason of the Supreme Court's decision. To do otherwise would defeat the purpose and rationale of our decision; i. e., to prevent hardship or injustice to those schools which actually made expenditures in justifiable reliance on an act held valid at the time, but subsequently declared unconstitutional.

▬ Moreover, this Court lacks the power to order defendant to reinstate plaintiffs' contract. The only feasible relief which could be afforded to plaintiffs would be to order that a hearing be held by the State to determine whether they, in fact, did qualify for reimbursement under the Act. To do so, however, would run afoul of the Supreme Court decision in that the State would be com-

**1352**

pelled to determine whether the school is a religious or non-religious institution and, thereby, foster the very entanglements which the Court sought to avoid. Philadelphia - Montgomery Christian Academy was a named defendant in the original action in Lemon v. Kurtzman, 310 F.Supp. 35 (E.D.Pa.1969) and continued in that capacity throughout the duration of the litigation. It was at that time, rather than subsequent to an adverse decision by the Supreme Court, that this present issue should have been raised. Accordingly, defendants' motion to dismiss the complaint will be granted.